PER CURIAM.
In this second appeal, we have before us the same issue raised by the parties in their first appeal. In that appeal, we held that the trial court erred when it valued Appellee's interest in a closely-held corporation at $1.9 million dollars. See *413 Lally Orange Buick Pontiac GMC, Inc. v. Sandhu , 207 So.3d 981 (Fla. 5th DCA 2016) (" Lally I "). Specifically, we held that "the trial court's valuation figure is not supported by competent, substantial evidence, and the court abused its discretion in adopting that figure." Id. at 985.
On remand, the trial court once again valued Appellee's interest in that same closely-held corporation at $1.9 million dollars. Appellants correctly assert that we did not remand the case to obtain an explanation from the trial court of how it determined that valuation figure. We once again hold that the trial court's valuation figure of $ 1.9 million was not, is not, and cannot be supported by the evidence presented below, regardless of the trial court's explanation of how it arrived at that figure. The trial court abused its discretion in adopting that figure the first time and apparently misunderstood our earlier opinion in Lally I .
As before, we note that the trial court may appoint independent appraisers to recommend a fair value, it may credit one expert's method of computing value over another's, and it may utilize an expert's valuation methodology as applied to competent, substantial evidence to reach its own valuation figure. See id. at 986. We again observe that if the valuation figure is within the range suggested by the competent, substantial evidence at trial, it will not result in reversible error if it rests upon the credibility and methodology employed by the witnesses. However, Appellee's initial statement of value in the appraisal rights form she prepared and her testimony at trial, which provided no documentation and no detail of valuation methodology, are not competent, substantial evidence of the corporation's value or of her interest in the corporation. See id. at 985.
Accordingly, we reverse and remand for the trial court to adopt a valuation that is supported by competent, substantial evidence, and for any further proceedings consistent with this opinion.
REVERSED and REMANDED with instructions.
ORFINGER, EDWARDS, and HARRIS, JJ., concur.